THE STATE OF OHIO, APPELLEE, *v.* LOCKETT, APPELLANT.

[Cite as State v. Lockett (1976), 49 Ohio St. 2d 71.]

(No. 76-174—Decided December 30, 1976.)

*Mr. Stephan M. Gabalac,* prosecuting attorney, and *Mr. Frederic L. Zuch,* for appellee.

*Messrs. Jurus, Young, Hunter, Workman & Reed, Mr. John R. Workman, Mr. Gary M. Schweickart* and *Mr. Dennis N. Balske,* for appellant.

O'NEILL, C. J.  The principal witness against the appellant was Parker, the triggerman. Defense counsel had previously interviewed Parker in jail.  The interview was recorded, and Parker made an exculpatory statement about the participation of the appellant in the commission of the robbery and the murder.  At trial, Parker gave a different account of the facts and incriminated the appellant. When defense counsel attempted to impeach Parker by playing the recording, the trial court, upon objection of the state, refused to permit its use.

Throughout the earlier stages of the case, the defense and prosecution had freely exchanged trial preparation materials under a Crim. R. 16 reciprocity agreement. The trial court held that the tape of the recorded interview should have been disclosed (as a "tangible object" under Crim. R. 16(C)(1)(a)) under these earlier exchanges. Since the appellant's counsel had failed to reveal the tape to the prosecutor at these appropriate times, the court excluded the tape as a disciplinary measure under Crim. R. 16(E)(3). After the conviction, the appellant asked for a re-examination of the court's ruling and, pursuant to Crim. R. 33(A)(5), moved for a new trial. The trial court, consistent with its earlier order, denied the motion. The issue is whether the trial court erred in denying the appellant's motion for a new trial.

During the trial, the appellant argued that the tape was not discoverable under the discovery reciprocity agreement.  Under Crim. R. 16(C)(1)(c), the appellant contended that only the names of witnesses need be disclosed. Although appellant objected to the court's ruling, he did not proffer the tape into the record. Later, in appellant's motion for a new trial, the court was asked to consider the

correctness of its earlier ruling. Appellant argued that the suppression of the tape-recorded statement of Parker was contrary to Crim. R. 16(C)(2). The tape recording and a transcript thereof was admitted in evidence. The motion for a new trial was denied.

In this case, the trial court made two separate rulings. In the first, the court excluded the tape and prevented the defense counsel from effectively cross-examining the state's chief witness, Parker. In the second, counsel moved for a new trial. The tape and *transcript* thereof were admitted in evidence at the hearing on the motion for a new trial. Therefore, only the second order is reviewable.

Differentiating the two court rulings is significant, for upon an examination of the record, it is not clear which trial court order the appellant's counsel was appealing. In the notice of appeal, filed June 11, 1975, it is clear that he was appealing the order denying the defendant's motion for a new trial. App. R. 3(C). However, in filing the assignment of errors in the Court of Appeals, it is equally clear that the defense attorney was assigning as error the trial court's earlier order. App. R. 9(B). It was this particular order that the appellate court considered in its opinion. Similarly, it is from the appellate court's ruling on this earlier order that the appellant has appealed to this court.

Inasmuch as appellant specified in his notice of appeal that he was appealing the order denying his motion for a new trial, and because the question of law is identical in both the court's rulings, the record supports the conclusion that the appellant has preserved the right to assert in this court that the trial court erred in refusing to permit use of the tape at the trial.

In the motion for a new trial, the appellant argued that the trial court was in error because the tape was privileged under Crim. R. 16(C)(2). That rule provides, in part, the following:

"Except as provided in subsections C(1)(b) and (d), this rule does not authorize the discovery or inspection of

reports, memoranda, or other internal documents made by the defense attorney or his agents in connection with the investigation or defense of the case, or of statements made by witnesses or prospective witnesses to the defense attorney or his agents."

Appellant argues that this tape is privileged as a statement made by a witness to the defense attorney. Although the appellant admits that the interview was recorded, thus embodying Parker's exculpatory remarks in a "tangible object," arguably discoverable under Crim. R. 16(C)(1)(a), the act of recording should not have rendered that material discoverable. If such were the case, appellant concludes, the work product exception as given in Crim. R. 16(C)(2) could be easily circumvented.

This court finds the appellant's argument persuasive. Regardless of the tape's status as a "tangible object" under the reciprocity agreement, the language in Crim. R. 16(C)(2) is clear and unambiguous: "* * * this rule does not authorize the discovery of * * * statements made by witnesses or prospective witnesses to the defense attorney or his agents." Parker was clearly a witness in this case. The impeaching statement was likewise one gathered by the defense attorney. In refusing to permit use of the tape, the trial court erred. Moreover, because the state's case rested squarely on the shoulders and credibility of the co-defendant who turned state's evidence, the court's order was prejudicial to the appellant's rights. Appellant's first proposition of law is well taken. He is entitled to a new trial.

Having reversed on this issue, this court need not consider the appellant's other propositions of law.

The judgment of the Court of Appeals is reversed, and the cause is remanded to the trial court for a new trial.

*Judgment reversed.*

HERBERT, STERN, W. BROWN and P. BROWN, JJ., concur.

CORRIGAN and CELEBREZZE, JJ., dissent.