CITY OF PARMA, APPELLEE, *v.* JACKSON, APPELLANT.

(No. 55109—Decided April 10, 1989.)

*Christopher J. Boyko,* law director, and *Gregory A. Chizmar,* for appellee.

*Lincoln R. Thorman,* for appellant.

JOHN V. CORRIGAN, J. Defendant-appellant, William E. Jackson ("appellant"), appeals the decision of the Parma Municipal Court wherein he was convicted of assault, disorderly conduct and resisting arrest. The facts which led to appellant's arrest and detention are as follows.

On March 31, 1987, Edward Flickinger, a friend of appellant, arrived at his home in response to a phone call from appellant. When Flickinger arrived, he found appellant in his basement. At that time, appellant was visibly ill and incoherent. He was unable to communicate and appeared to be under the influence of drugs, alcohol or a combination of both. Appellant refused assistance by Flickinger, threatened him and eventually lost consciousness.

Flickinger left the residence and called the Parma Fire Department to request medical assistance for appellant. Flickinger told the dispatcher that appellant was in a violent state and possibly had weapons on the premises. The dispatcher radioed an ambulance and the Parma Police Department as was the standard procedure for calls that threatened a dangerous situation.

The police met Flickinger at appellant's home and entered after appellant responded to a knock by Flickinger. Upon seeing the police officers, the appellant became outraged and ordered them all from his home.

The officers attempted to calm appellant down and assure him that they were only present to ensure his safety and well-being. Appellant refused to show the officers any identification and eventually lunged at Flickinger. An officer was struck in the chest and knocked to the floor.

It took several officers to subdue appellant, who was arrested, handcuffed and taken to the police station. He was booked and taken to a hospital for treatment of a slight head injury.

The evidence presented at trial led to appellant's conviction for assault, disorderly conduct and resisting arrest. A timely appeal from that decision followed.

"Assignments of Error

"I. Whether or not the verdict is against the weight of the evidence.

"II. Whether or not elements of assault, resisting arrest, and voluntary intoxication have been proven beyond a reasonable doubt.

"III. Whether or not four uninvited police officers used excessive force upon the defendant's person in his own home when they wrestled him to the kitchen floor—after he ordered the police and Ed Flickinger to leave his home.

"IV. Whether or not 'exigent circumstance[s]' existed when the defendant was standing in his kitchen—making a phone call, and four uninvited police officers followed Ed Flickinger into the Jackson kitchen.

"V. The court failed to charge the jury on the issue of whether or not the Parma police permitted the defendant the right to make a phone call to either his family or to his attorney immediately upon his arrest and upon the completion of the booking procedure.

"VI. The court failed to charge the jury on the issue of whether or not the Parma police provided adequate clothing when the defendant was transported from the jail to the hospital and back again."

The first argument to be addressed appears in the fourth assignment of error where it is alleged that the police officers illegally entered the appellant's home. Appellant maintains that no exigent circumstances existed to justify the warrantless entry into his home. We disagree.

The facts presented in this case demonstrate that the police officers were under a legitimate and reasonable belief that appellant was in need of emergency assistance. Under the duty and authority held by police officers, they had a right to enter this private dwelling in response to an emergency call. *State* v. *Hyde* (1971),

26 Ohio App. 2d 32, 55 O.O. 2d 52, 268 N.E. 2d 820. A police officer may also make a warrantless entry into a residence for the purpose of investigating a report of a disturbance. *Maple Heights* v. *Beroldi* (June 26, 1980), Cuyahoga App. Nos. 39511 and 39512, unreported.

Likewise, appellant's third assignment of error questions the force used by the officers once they entered the home and detained appellant. The record aptly demonstrates that the officers' use of force was in response to appellant's attack. They used only that force necessary to subdue him and carry out a lawful arrest. See, *e.g., Columbus* v. *Fraley* (1975), 41 Ohio St. 2d 173, 180, 70 O.O. 2d 335, 339, 324 N.E. 2d 735, 740.

Appellant's third and fourth assignments of error have no merit.

Assignments of error five and six allege erroneous jury instructions at the close of the evidence. The record indicates, however, that no objection was made by defense counsel nor were proposed instructions submitted to the judge.

In the absence of plain error, a reviewing court will not consider alleged errors in the failure of the court to give instructions where appellant has not complied with the provisions of Crim. R. 30. *Cleveland* v. *Santos* (Dec. 22, 1983), Cuyahoga App. No. 46862, unreported; *State* v. *Lockett* (1976), 49 Ohio St. 2d 48, 3 O.O. 3d 41, 358 N.E. 2d 1077.

Assignments of error one and two address the question of whether the verdict was supported by the weight of the evidence in terms of the elements of the crimes charged. We find that the jury's determination was correct based on the evidence presented in the record.

The lawfulness of the police officers' entry into appellant's home is unquestionably due to their reasonable belief that an emergency existed. Appellant's assaultive behavior, as well as his visible state of intoxication, gave the officers justification to arrest him.

Moreover, the trier of fact is primarily responsible for evaluating the evidence and the credibility of the witnesses. A criminal conviction will not be reversed on appeal if it is supported by substantial competent evidence. *State* v. *DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212; *State* v. *Eley* (1978), 56 Ohio St. 2d 169, 10 O.O. 3d 340, 383 N.E. 2d 132.

The record reveals that there was more than ample evidence presented to the jury to support a conviction for the crimes charged. All elements of each offense were supported by reliable evidence.

Upon review of the instant matter, we find that no error occurred at the trial level. The judgment of that court is affirmed.

*Judgment affirmed.*

J.F. CORRIGAN, J., concurs.

NAHRA, J., dissents.

NAHRA, J., dissenting. I respectfully dissent. Although the police were initially lawfully in appellant's home because of the emergency call, *State* v. *Hyde* (1971), 26 Ohio App. 2d 32, 55 O.O. 2d 52, 268 N.E. 2d 820, they had no right to remain after appellant ordered them to leave. Once the exigency which justified the initial intrusion had passed, the authority to be in appellant's home ceased. *Mosher* v. *Cook United, Inc.* (1980), 62 Ohio St. 2d 316, 16 O.O. 3d 361, 405 N.E. 2d 720. As the Supreme Court recognized in *Thompson* v. *Louisiana* (1984), 469 U.S. 17, 22, a "call for help can hardly be seen as an invitation to the general public that would have converted [petitioner's] home into the sort of public

place for which no warrant to search would be necessary." Although here there was no search, the same reasoning would apply as to any claim of right to remain in the home after they have been unequivocally asked to leave.

Additionally, I do not find sufficient evidence in the record to support appellant's convictions. As for the assault conviction, the evidence demonstrated that appellant pushed or brushed Officer Compton aside to reach Edward Flickinger. There was no evidence that appellant tried to cause physical harm to the officer. Nor was there sufficient evidence to sustain the disorderly conduct conviction. Appellant was in his own home and had rightfully asked the officers to leave. At the time of his request, no crime had been committed by appellant. The refusal of the officers to leave and the inappropriate request of the officers that appellant produce identification and sign a release of civil liability before they would leave precipitated the subsequent behavior of appellant. In consideration of these particular circumstances, I cannot find the disorderly conduct ordinance applicable in this case. Lastly, the conviction for resisting arrest should be reversed as, under the Parma ordinance, an individual cannot be convicted of resisting an unlawful arrest. See *State* v. *Johnson* (1982), 6 Ohio App. 3d 56, 6 OBR 268, 453 N.E. 2d 1101.

Based upon the foregoing, I would reverse the judgment of the trial court.