OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State of Ohio, Appellant, v. Applegate, Appellee.
[Cite as State v. Applegate (1994), -- Ohio St. 3d ---.]
Criminal law -- Exigent circumstances justify a warrantless
       entry into a residence by police, when.
Exigent circumstances justify a warrantless entry into a
       residence by police when police are there pursuant to an
       emergency call reporting domestic violence and where the
       officers hear sounds coming from inside the residence
       which are indicative of violence.
       (No. 93-600 -- Submitted October 20, 1993 -- Decided
February 23, 1994.)
       Appeal from the Court of Appeals for Butler County, No.
CA92-06-099.
       Defendant-appellee, Donald Applegate, was arrested on
December 25, 1991. At about 1:00 p.m. on that day, Hamilton
police dispatcher Paula Rice received a call on the police
department's "911" emergency line from a female calling from a
Dairy Mart convenience store. The caller, subsequently
identified as Applegate's wife, Alice, told the dispatcher that
there was a disturbance at 39 Douglas Lane being caused by
"Butch Applegate." Alice Applegate told the dispatcher that
she and her husband "was into it" and that she wanted him
removed from the house. The dispatcher advised the caller that
she would send police officers. Hamilton police officers
Adrian Jackson and Brian Rowe were dispatched to 39 Douglas
Lane on a call of "domestic violence," and were advised to
respond "Code 2," which by department protocol meant "get there
priority, as quick as you can, potential danger."
       The officers went directly to the address, a two-story
duplex building numbered 39 Douglas Lane for Applegate's
downstairs apartment and 41 Douglas Lane for his
mother-in-law's upstairs apartment. Upon arrival, the officers
first stood outside the slightly ajar back door and listened.
They heard an apparently angry male voice, yelling and arguing
going on, and bumping noises which sounded as if furniture was
being turned over. Believing that persons inside could be in
danger, the officers called for a backup and entered the
building's common entry way. They announced themselves as

police officers and followed the stairs to the upstairs apartment.

The officers confronted Applegate as he stood on the landing outside the upstairs apartment with a whiskey bottle in his hand. Several other people were also in the residence. The officers ordered Applegate to put the bottle down, but he did not comply. A scuffle between officer Jackson and Applegate ensued, and Applegate was arrested for disorderly conduct and was taken to police headquarters. At police headquarters Applegate was also charged with resisting arrest when he refused to comply with requests by officers to remain seated, requiring the officers to forcibly restrain him. When Applegate was thereafter searched as a part of the custodial booking procedure, a small baggie containing cocaine was found in his pants pocket.

A grand jury indicted Applegate for disorderly conduct, resisting arrest, and drug abuse. He pleaded not guilty to the charges at his arraignment. Thereafter Applegate filed motions to suppress evidence from a warrantless entry into his residence, which led to all the charges brought against him. In April 1992, the trial court heard and overruled the motions to suppress, finding that exigent circumstances justified the warrantless entry into the residence. Applegate entered a plea of no contest on May 12, 1992, to all charges and was found guilty by the trial court. He was sentenced on June 25, 1992, to a term of one-year imprisonment and a mandatory fine of $1,500 for drug abuse, and concurrent jail terms of thirty days and ninety days and fines of $250 and $750 for disorderly conduct and resisting arrest, respectively. Applegate appealed.

On February 2, 1993, the court of appeals reversed the convictions and discharged Applegate. A majority of the court found that the warrantless entry was not justified by sufficient evidence of exigent circumstances.

This cause is now before this court upon an allowance of a motion for leave to appeal.

John Holcomb, Butler County Prosecuting Attorney, Robert N. Piper III and Daniel G. Eikel, Assistant Prosecuting Attorneys, for appellant.
Clayton G. Napier, for appellee.

Pfeifer, J. The court of appeals erred by reversing the trial court's determination that the officers' warrantless entry into Applegate's home was justified by exigent circumstances. Exigent circumstances justify a warrantless entry into a residence by police when police are at the residence pursuant to an emergency call reporting domestic violence and where the officers hear sounds coming from inside the residence which are indicative of violence.

A warrantless police entry into a private residence is not unlawful if made upon exigent circumstances, a "specifically established and well-delineated exceptio[n]" to the search warrant requirement. Katz v. United States (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585. "'The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency.'" Mincey v. Arizona (1978), 437 U.S.

385, 392-393, 98 S.Ct. 2408, 2413, 57 L. Ed.2d 290, 300, quoting Wayne v. United States (C.A.D.C. 1963), 318 F.2d 205, 212, certiorari denied (1963), 375 U.S. 860, 84 S.Ct. 125, 11 L.Ed.2d 86. In Wayne, then-federal Court of Appeals Judge Warren Burger explained the reasoning behind the exigent circumstances exception:

"[T]he business of policemen and firemen is to act, not to speculate or meditate on whether the report is correct. People could well die in emergencies if police tried to act with the calm deliberation of the judicial process." Wayne at 212.

A warrantless search must be "strictly circumscribed by the exigencies which justify its initiation." Terry v. Ohio, 392 U.S. 1, 26, 88 S. Ct. 1868, 1882, 20 L.Ed. 2d 889, 908. In this case the officers' warrantless entry was certainly justified by their reasonable belief that it was necessary to investigate an emergency threatening life and limb. They were responding to a call reporting domestic violence. When they arrived at the reported address, they heard noises indicating that violent activity was occurring inside. They entered the residence through a partially opened doorway and confronted Applegate as he stood at the top of the duplex's common stairway. The movements of the officers were conservative, prudent and reasonable.

The court of appeals erred in substituting its judgment for that of the trial court on this mixed question of law and fact. Accordingly, the judgment of the court of appeals is reversed and the judgment at the trial court is reinstated.

                    Judgment accordingly.

Moyer, C.J., Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

A.W. Sweeney, J., dissent.