OPINION
{¶ 1} Defendant-appellant, Jackie Steineman (hereinafter, "appellant"), appeals from the judgment of conviction and sentence of the Bellefontaine Municipal Court and specifically asserts that the trial court erred in denying her motion to suppress evidence.
 {¶ 2} At approximately 10:00 p.m. on September 13, 2003, the Bellefontaine Police Department received a phone call from an unidentified caller who reported a domestic disturbance occurring at 416½ North Detroit Street. Bellefontaine Police Officer Scott Marlow and Officer Neill Rhodes each responded to the police dispatcher report of the disturbance. Officer Marlow arrived at the scene of the alleged incident just prior to Officer Rhodes' arrival.
 {¶ 3} The residence in question is an apartment located on the second floor of a duplex. At the time, the apartment was inhabited by appellant and Justin Stewart, appellant's live-in boyfriend. There is one set of exterior steps that leads to a doorway which contains an interior flight of stairs that lead to the doorway of the upstairs apartment. Officer Marlow testified that when he arrived at the scene he heard glass breaking, shouting, and saw items in front of the residence which appeared to have been thrown out of an upstairs window of the residence. Officer Marlow further testified that after making these observations he began to ascend the exterior flight of stairs toward appellant's upstairs apartment. While still on the exterior stairs, Officer Marlow was met by appellant at the doorway in front of the entrance to the interior stairway. Although appellant stated that everything was "fine," Officer Marlow ordered appellant to leave the stairway and to talk to Officer Rhodes who was waiting below in front of the residence. Appellant initially refused to leave the doorway, but then cooperated with Officer Marlow's order and exited the stairway. Officer Marlow then entered into the interior flight of steps leading to appellant's apartment. However, before Officer Marlow was able to get to the top of the stairs, Justin Stewart came out of the apartment and stood at the top of the interior steps. Despite an initial verbal confrontation with Stewart, in which Stewart aggressively stated that there was no reason for the police to be there and that Officer Marlow did not have the right to enter the apartment, Stewart complied with Officer Marlow's order to go back into the apartment. Officer Marlow followed.
 {¶ 4} Once inside appellant's apartment, Officer Marlow testified that he observed broken and shattered items throughout the apartment and also saw a marijuana pipe in the living room. When asked who the pipe belonged to, Stewart responded that it was his. Officer Marlow then proceeded to arrest Stewart for possession of drug paraphernalia. Officer Marlow testified that after detaining Stewart in the police cruiser, he re-entered appellant's apartment for the purpose of taking "pictures of the scene to show the destruction that Mr. Stewart had caused" to be used as evidence in the event that Stewart was charged with domestic violence. Throughout this time, appellant remained outside with Officer Rhodes.
 {¶ 5} While in the apartment this second time, Officer Marlow observed that there were grow lights, a marijuana plant, and scales in plain view in appellant's apartment. After making these observations, Officer Marlow took photographs of appellant's apartment and seized the drug related contraband. Officer Marlow then exited the apartment and asked appellant to whom the marijuana plant belonged. Appellant replied that the plant was hers. Officer Marlow then arrested appellant for Possession of Drug Paraphernalia and Cultivating Marijuana, in violation of Bellefontaine City Ordinance Sections 513.12 and 513.06, respectively.
 {¶ 6} Appellant subsequently pleaded not guilty to both charges and the matter was set for trial. Appellant filed a pre-trial motion with the trial court to suppress all of the evidence found inside of her apartment on the ground that the search of her apartment was in violation of her right against unreasonable search and seizures. Following the suppression hearing, the trial court found that there were sufficient exigent circumstances to justify Officer Marlow's entrance into appellant's apartment. Accordingly, appellant's motion to suppress was denied. Appellant subsequently filed a motion for reconsideration, the trial court, however, reaffirmed its original denial of appellant's motion to suppress.
 {¶ 7} Following a bench trial on the charges, appellant was found guilty of both possession of drug paraphernalia and cultivating marijuana. In aggregate, appellant was sentenced to five (5) days in jail, fined $350.00, and was ordered to pay court costs.
 {¶ 8} Appellant now appeals the judgments of the trial court and sets forth one assignment of error for our review. Appellant's sentence has been stayed during the pendency of this appeal.
 ASSIGNMENT OF ERROR NO. I The trial court erred, to the prejudice of thedefendant-appellant, in overruling her motion to suppress,thereby sanctioning the officer's entrance and search of herresidence without a warrant and without her consent, thus,violating her rights under the United States and OhioConstitutions.
 {¶ 9} Appellant asserts that, based upon the facts of the case herein, sufficient exigent circumstances did not exist to justify Officer Marlow's warrantless entry into appellant's apartment. Consequently, appellant maintains that the trial court erred in denying her motion to suppress evidence. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 10} When ruling on a motion to suppress evidence, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and is the primary judge of the credibility of the witnesses and the weight to be given to the evidence presented during a suppression hearing. See State v. Mills (1992), 62 Ohio St.3d 357, 366;State v. Johnson (2000), 137 Ohio App.3d 847, 850. Upon review of a suppression ruling, an appellate court is bound to accept the trial court's findings if they are supported by competent, credible evidence. State v. Brooks (1996), 75 Ohio St.3d 148,154.
 {¶ 11} "The well settled law under the Fourth and Fourteenth Amendments as interpreted by the United States Supreme Court is that a search conducted without a warrant issued upon probable cause is "per se unreasonable * * * subject only to a few specifically established and well-delineated exceptions." Katzv. United States (1967), 389 U.S. 347, 357; citations omitted. The Court has further determined that "[b]efore agents of the government may invade the sanctity of the home, the burden is on the government to demonstrate exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries." Welsh v. Wisconsin (1984),466 U.S. 740, 750.
 {¶ 12} In the case sub judice, it is undisputed that Officer Marlow did not have a search warrant and did not ask for, nor did he receive, consent from either appellant or Stewart prior to entering appellant's apartment. Accordingly, the issue pertinent to this appeal is whether adequate exigent circumstances existed on September 13, 2003, to justify Officer Marlow's entry into appellant's apartment.
 {¶ 13} "Exigent circumstances" denotes the existence of "`real immediate and serious consequences'" that would occur were a police officer to delay efforts in order to obtain a search warrant. Id. at 751, quoting McDonald v. United States
(1948), 335 U.S. 451, 459-60. The Fourth Amendment does not require police officers to delay in the course of an investigation if to do so would gravely endanger their lives or the lives of others. Warden, Md. Penitentiary v. Hayden (1967),387 U.S. 294, 299. Thus, the exigent circumstances exception to the warrant requirement applies when the police have a reasonable basis to believe someone inside the premises may require immediate aid. Parma v. Jackson (1989), 58 Ohio App.3d 17, 18. Reasonable belief is assessed from the facts and circumstances known to the officers and from their point of view. State v.Robinson (1995), 103 Ohio App.3d 490, 496.
 {¶ 14} In the case sub judice, the trial court considered the following exigent circumstances: the officers were dispatched to that address to investigate a complaint of a domestic disturbance, possibly a fight in progress; on their way to the address, the officers were advised by their dispatcher that glass was heard breaking at the apartment; after Officer Marlow arrived, he observed that an upstairs window appeared to be shattered and saw items in the yard he believed may have been thrown out of the window; Officer Marlow had no way of knowing that appellant and Stewart were the only occupants of the apartment; when Officer Marlow arrived on the scene he also heard glass breaking and people shouting, which he believed to be coming from the upstairs apartment. In addition, the trial court also heard the testimony of Officer Marlow that, based upon his observations, he "felt the scene needed to be secured and [that he] needed to check for potential victims."
 {¶ 15} Accordingly, upon our review of the record, including the transcript of the proceedings before the trial court, we find that there was competent credible evidence of sufficient exigent circumstances to overcome the presumption of unreasonableness of Officer Marlow's warrantless entrance into appellant's apartment. Specifically, Officer Marlow had reason to believe that the emergency had not subsided and that the potential for danger was still ongoing, thereby, requiring further investigation. SeeState v. Applegate, 68 Ohio St.3d 348, syllabus, 1994-Ohio-356 ("Exigent circumstances justify a warrantless entry into a residence by police when police are there pursuant to an emergency call reporting domestic violence and the officers hear sounds coming from inside the residence which are indicative of violence"). Moreover, appellant's and Stewart's turbulent behavior and uncooperative nature toward Officer Marlow, combined with the other surrounding circumstances, were all further indications that there may have been an emergency still in progress. Because of the multitude of exigent circumstances, appellant's and Stewart's statements to Officer Marlow that they were "fine" and that there was no need to enter the apartment were not sufficient to relieve Officer Marlow of the need to further investigate the situation, including entering appellant's apartment to ensure that no one was in need of aid or in danger. See generally State v. Myers, 3d Dist. Nos. 9-02-65, 9-02-66, 2003-Ohio-2936.
 {¶ 16} Finally, appellant asserts that because Officer Marlow knew that no one else was in the apartment after he arrested and detained Stewart, his warrantless re-entrance into appellant's apartment without her consent was not justified. Having thoroughly reviewed the transcript of the suppression hearing, we first note that defense counsel for appellant did not raise the issue of Officer Marlow's "re-entrance" into appellant's apartment as a basis to sustain appellant's motion to suppress. The only questions addressed to Officer Marlow concerning his second entrance into appellant's apartment were brought by the state. Counsel for appellant limited its argument to whether there were sufficient exigent circumstances to justify Officer Marlow's initial entrance into appellant's apartment.
 {¶ 17} However, despite defense counsel's failure to expressly argue this issue in support of appellant's motion during the suppression hearing, we, nevertheless, find Officer Marlow's re-entrance into appellant's apartment to be lawful. Having determined Officer Marlow's first entrance into appellant's apartment to be lawful, we believe that his purpose in re-entering appellant's apartment to preserve evidence of the destruction caused by Stewart to be a legitimate continuation of his investigation. Moreover, appellant does not dispute that the marijuana plant and other potential drug related items were in plain sight in her apartment.
 {¶ 18} Accordingly, based upon the preceding, we find that the trial court did not error in denying appellant's motion to suppress. Appellant's single assignment of error is, therefore, overruled.
 {¶ 19} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Shaw, P.J. and Bryant, J., concur.