OPINION *Page 2 
{¶ 1} Defendant-appellant, Dawn Bugaj, appeals from Belmont County Court, Northern Division decisions denying her motion to suppress and convicting her of child endangering and possession of drug paraphernalia.
 {¶ 2} On December 30, 2005, Deputy Mike Stoffer responded to a call from an apartment manager. The apartment manager reported loud music coming from a particular apartment and stated that he had been knocking at the door for 20 minutes with no response, however, there were children looking out from a window. When Deputy Stoffer arrived, he knocked on the apartment door for five minutes with no response. But two children, ages three and eight looked at him through the window. Deputy Stoffer became concerned that there might be a problem inside so he asked the apartment manager to use a pass key to let him into the apartment. When the apartment manager opened the door, Deputy Stoffer was greeted by the "sickening" smell of marijuana and he observed a man passed out on the living room floor. Based on these observations, Deputy Stoffer entered the apartment to check on the person passed out on the floor.
 {¶ 3} Once inside the apartment, Deputy Stoffer noticed appellant and another adult in the bathroom with appellant's two-year-old child. He also observed beer cans and drug paraphernalia on the dining room table.
 {¶ 4} Appellant was subsequently arrested and charged with child endangering, a first-degree misdemeanor in violation of R.C. 2919.22(A), and possession of drug paraphernalia, a fourth-degree misdemeanor in violation of R.C. 2925.14(C)(1). She entered a plea of not guilty.
 {¶ 5} Appellant filed a motion to suppress all evidence against her alleging that it was all obtained as a result of an illegal search and seizure. She contended that Deputy Stoffer entered the apartment without a search warrant and without exigent circumstances to justify his entry. The court held a hearing on the motion and overruled it.
 {¶ 6} Appellant subsequently changed her plea to no contest. The court found her guilty as charged. It sentenced appellant to 90 days in jail, to run concurrently with a *Page 3 
concurrently with a sentence in another case, and suspended all but seven days. The court also fined appellant $200, ordered her to pay costs, and placed her on two years supervised probation.
 {¶ 7} Appellant filed a timely notice of appeal on May 5, 2006. The trial court stayed her sentence pending this appeal.
 {¶ 8} Appellant raises two assignments of error, the first of which states:
 {¶ 9} "THE COURT ERRED IN OVERRULING THE MOTION TO SUPPRESS AS THERE WERE NO EXIGENT CIRCUMSTANCES SUFFICIENT TO JUSTIFY THE WARRANTLESS ENTRY AND SEARCH OF THE RESIDENCE WHERE THE APPELLANT WAS ARRESTED."
 {¶ 10} Appellant argues that the trial court should have granted her motion to suppress because Deputy Stoffer did not have a search warrant and was not faced with exigent circumstances to merit a warrantless search. She points out that the only reason Deputy Stoffer was called to the apartment was for a loud music complaint. She further points out that when he arrived, he did not hear any loud music.
 {¶ 11} Our standard of review with respect to a motion to suppress is first limited to determining whether the trial court's findings are supported by competent, credible evidence. State v. Winand (1996),116 Ohio App.3d 286, 288, 688 N.E.2d 9, citing Tallmadge v. McCoy (1994),96 Ohio App.3d 604, 608, 645 N.E.2d 802. Such a standard of review is appropriate as, "[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Venham (1994), 96 Ohio App.3d 649, 653,645 N.E.2d 831. An appellate court accepts the trial court's factual findings and relies upon the trial court's ability to assess the witness's credibility, but independently determines, without deference to the trial court, whether the trial court applied the appropriate legal standard. State v. Rice (1998), 129 Ohio App.3d 91, 94, 717 N.E.2d 351. A trial court's decision on a motion to suppress will not be disturbed when it is supported by substantial credible evidence. Id. *Page 4 
evidence. Id.
 {¶ 12} Here the trial court did not issue findings. It simply entered a judgment overruling appellant's motion. Thus, we will consider whether Deputy Stoffer acted within his authority in entering the apartment.
 {¶ 13} However, we must first address a preliminary matter — standing. Although appellee did not raise the issue, standing may be raised sua sponte. See State v. Smith, (Jan. 14, 2000), 2d Dist. No. 17475, 17476, 17477.
 {¶ 14} "The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution secure an individual's right to be free from unreasonable searches and seizures. Warrantless entry by law enforcement personnel into premises in which an individual has a reasonable expectation of privacy is per se unreasonable, unless it falls within a recognized exception to the warrant requirement. A criminal defendant is not required to have an ownership or possessory interest in premises in order to complain of a Fourth Amendment violation with respect to a law enforcement officer's entry into those premises. However, Fourth Amendment rights are personal rights which may not be asserted vicariously by third parties. Thus, in order to challenge a search as violative of the Fourth Amendment, a defendant must demonstrate (1) that he personally had an expectation of privacy in the place searched and (2) that his expectation was reasonable." (Internal citations omitted.) State v. Glover, 2d Dist. No. 20692,2005-Ohio-4509, at ¶ 9.
 {¶ 15} The United States Supreme Court has made clear that "one who is merely present with the consent of the householder," and is not an overnight guest, may not claim the protection of the Fourth Amendment. Id. at ¶ 13, quoting Minnesota v. Carter (1998), 525 U.S. 83,119 S.Ct. 469, 142 L.Ed.2d 373.
 {¶ 16} It seems that, in this case, appellant was merely present with the consent of the householder. Deputy Stoffer testified that when he asked appellant whose apartment it was, she said it was either her husband's or ex-husband's apartment. (Tr. 22). When asked later, Deputy Stoffer stated that the apartment was not appellant's *Page 5 
was not appellant's apartment and that she never indicated that it was hers or that she had any interest in it. (Tr. 31, 33).
 {¶ 17} Based on this limited testimony, it appears appellant was merely a guest in the apartment. Thus, she does not have standing to raise a challenge to the search of the apartment. However, even if she did have standing, the result would be the same.
 {¶ 18} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution require police officers to obtain a search warrant based upon probable cause before they conduct a search. However, the search-warrant requirement is subject to a number of well-established exceptions. State v. Trouten, 7th Dist. No. 04-JE-18, 2005-Ohio-6592, at ¶ 146, citing Coolidge v. NewHampshire (1971), 403 U.S. 443; Katz v. United States (1967),389 U.S. 347. One of those exceptions is when exigent circumstances require that officers take immediate action. Id.
 {¶ 19} "Although there is no precise list of all the exigent circumstances that might justify a warrantless search, exigent circumstances generally must include the necessity for immediate action that will `protect or preserve life or avoid serious injury,' Mincey v.Arizona (1978), 437 U.S. 385, 392, 98 S.Ct. 2408, 2413, 57 L.Ed.2d 290,300, or will protect a governmental interest that outweighs the individual's constitutionally protected privacy interest, see[United States v.] Rohrig [(C.A.6, 1996)], 98 F.3d [1506] at 1517-1518."State v. Price (1999), 134 Ohio App.3d 464, 467, 731 N.E.2d 280.
 {¶ 20} In this case, Deputy Stoffer testified that he responded to the apartment manager's complaint that loud music was coming from the apartment and the manager had been knocking at the door for 20 minutes with no response. (Tr. 19). The manager also reported that there were children looking out of the window and he was concerned. (Tr. 19). Upon arriving at the apartment, Deputy Stoffer knocked and pounded on the door for approximately five minutes with no response. (Tr. 19-20). However, he saw two young children looking through the window. (Tr. 19-20). At this time, there was no music *Page 6 
19-20). At this time, there was no music coming from the apartment. (Tr. 19-20). When no adults came to the door, Deputy Stoffer became concerned that there might be a problem. (Tr. 21). So he asked the apartment manager to open the door. (Tr. 21). The manager used his key to open the door. (Tr. 22). As soon as the door was opened, Deputy Stoffer smelled a "sickening" odor of marijuana, observed an adult passed out on the living room floor, and noticed the two children sitting on the couch watching television. (Tr. 22-23). Deputy Stoffer then decided to go into the apartment to check on the man passed out on the floor. (Tr. 23-24). He testified that once he saw the man on the floor, saw the children, and smelled the marijuana, that constituted an emergency for him to enter the apartment. (Tr. 26). He stated that the man on the floor was lying face down and was not moving. (Tr. 24).
 {¶ 21} After he entered the apartment to check on the man, Deputy Stoffer then saw appellant and another man in the bathroom with a baby. (Tr. 24-25). He also noticed beer cans lying "all over the place" and drug paraphernalia on the dining room table such as a vial, straws, knives, lighters, and a green, leafy substance in an ashtray. (Tr. 25).
 {¶ 22} Deputy Stoffer opened the door to the apartment because he became concerned that young children were alone in the apartment and that there might be a problem. Young children left unsupervised in a house provides exigent circumstances for a warrantless entry into the house to locate the children, determine if they are in need of aid, and secure their safety. State v. Wyatt, 9th Dist. No. 22070,2004-Ohio-6546, at ¶ 13. Once the apartment manager opened the door, Deputy Stoffer observed an adult lying face down on the floor, not moving, and smelled a sickening odor of marijuana. At this point, he decided to enter the apartment. "The exigent circumstances exception to the warrant requirement applies when the police have a reasonable basis to believe someone inside the premises requires immediate aid." Id., citing Parma v. Jackson (1989), 58 Ohio App.3d 17, 18, 568 N.E.2d 702. Because Deputy Stoffer did not know whether the man on the floor was dead or alive, whether he had suffered a drug overdose, or whether he had another medical problem, exigent circumstances existed for *Page 7 
another medical problem, exigent circumstances existed for Deputy Stoffer to enter the apartment.
 {¶ 23} Once he was legally inside the apartment, anything Deputy Stoffer saw in plain view was admissible evidence. Under the plain view doctrine, if law enforcement officers are where they have a legal right to be, they may seize evidence which is contraband and in plain view.Arizona v. Hicks (1987), 480 U.S. 321, 326, 107 S.Ct. 1149,94 L.Ed.2d 347. Deputy Stoffer stated that when he walked to the living room to check on the man on the floor, he noticed beers cans "all over the place" and drug paraphernalia on the dining room table. These items were all in plain view. Thus, given that the entry into the apartment was lawful, the trial court properly denied the motion to suppress the evidence found in plain view. Accordingly, appellant's first assignment of error is without merit.
 {¶ 24} Appellant's second assignment of error states:
 {¶ 25} "THE COURT ERRED IN FINDING THE APPELLANT GUILTY FOLLOWING HER NO CONTEST PLEA WHERE THE RECORD FAILS TO CONTAIN SUFFICIENT EVIDENCE TO SUPPORT THE CONVICTION."
 {¶ 26} Here appellant asserts that she never stipulated to any evidence, she never waived the presentation of evidence, and the state did not offer any evidence. Thus, she contends that the only evidence was that presented at the suppression hearing. Appellant argues that the evidence presented at that hearing does not support either the child endangering or possession of drug paraphernalia charges.
 {¶ 27} As to the child endangering charge, appellant asserts that the evidence indicated that two of the three children were clean and neat and were sitting on the couch watching television while the third was with appellant in the bathroom getting his diaper changed. She argues that there was no evidence that any of the children were harmed or at a risk being harmed.
 {¶ 28} As to the possession charge, appellant argues that there was no evidence that she used any of the drugs or paraphernalia that Deputy Stoffer observed. She also points out that she did not reside in the apartment. *Page 8 
 {¶ 29} R.C. 2937.07 provides in part that a "plea to a misdemeanor offense of `no contest' or words of similar import shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." R.C. 2937.07 is mandatory and we cannot presume from a silent record that the trial court complied with its requirements. State v.Wellington, 7th Dist. No. 03-MA-199, 2004-Ohio-6807, at ¶ 6. Additionally, the Ohio Supreme Court has held that a court may not use a no contest plea as the basis for a finding of guilty without an explanation of circumstances. Cuyahoga Falls v. Bowers (1984),9 Ohio St.3d 148, 150, 459 N.E.2d 532.
 {¶ 30} Normally, we would look to the transcript of the hearing to determine whether the trial court complied with the above requirement. However, appellant has failed to provide this court with a transcript, or appropriate transcript substitute, in accordance with App.R. 9. It is appellant's responsibility to provide the court with a record of the facts, testimony, and evidence in support of her assignments of error.State v. Funkhouser, 7th Dist. No. 02-BA-4, 2003-Ohio-697, at ¶ 13.
 {¶ 31} Appellant did file a single-volume transcript that included the suppression hearing and a hearing dated April 19, 2006, which appears to be the date of her no contest plea and subsequent finding of guilt. However, the portion of the transcript dealing with the April 19 hearing, as stated in its entirety, is as follows:
 {¶ 32} "THE COURT: Ms. Bugaj, come on forward.
 {¶ 33} "THE DEFENDANT: (Complying).
 {¶ 34} "MR. FRY [the prosecutor]: Judge, we need a few minutes to discuss this I know in chambers.
 {¶ 35} "THE COURT: Am I to be part of that discussion?
 {¶ 36} "MR. FRY: Yes.
 {¶ 37} "THE COURT: Keep in mind I'm not receptive to the proposed resolution in the past. So if that's going to be laid on me, I'm not interested." (Tr. 41).
 {¶ 38} The court was then put in recess. The transcript ends here. Thus, it *Page 9 
appears that the proceeding either continued in chambers, without a court reporter present, or it continued later and was not made a part of the same transcript volume. Either way, the burden was on appellant to provide us with a record of what occurred. We know a hearing did occur because the trial court states in its judgment entry that appellant appeared in open court, she withdrew her former plea, she entered a no contest plea, and the court accepted the plea and found appellant guilty. Even if a court reporter was not present, appellant could have provided us with a statement of the evidence or proceedings as permitted by App.R. 9(C). Without a transcript or appropriate substitute, we cannot review this issue. Accordingly, appellant's second assignment of error is without merit.
 {¶ 39} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs.
 Waite, J., concurs. *Page 1