{¶ 21} This case indicates how difficult, and often thankless, the job of law enforcement can be. The deputies here were between the proverbial "rock and a hard place". Society and the Ohio Revised Code require officers to respond to emergency situations like domestic violence calls. Officers faced with these calls are not expected to act with the same detached deliberation that courts must use in deciding whether an intrusion into a home was reasonable under the Fourth Amendment.
"[T]he business of policemen and firemen is to act, not to speculate or meditate on whether the report is correct." (Emphasis sic.) Katz, Ohio Arrest, Search and Seizure (2006 Ed.) 169, Section 9:2, quotingWayne v. U.S. (C.A.D.C. 1963), 318 F.2d 205, 212, cert. denied,375 U.S. 860.
 {¶ 22} To complicate matters, one need only imagine the outcry from the family and social activists that might result if the deputies had ignored the potential for the situation to re-escalate upon their departure. Had the deputies simply left and Mr. Delong injured or killed his girlfriend shortly thereafter, the deputies surely would be condemned for their lack of foresight.
 {¶ 23} Against this backdrop, it is difficult for me to conclude the deputies acted unreasonably when they entered the house after learning the following information. First, there was a domestic violence call from a family member. Upon arriving at approximately 10:30 PM in the middle of winter, none of the family members except the male were in the house. This would *Page 11 
indicate that tension was still high. The victim told the deputies that Delong indicated there would be a "bloody fight" and they would "have to take him down and shoot him" if they wanted to arrest him. Finally, despite the victim's assertions that the squabble was over and peace was restored, the deputy felt that "something was wrong", i.e. that she was scared and hiding something.
 {¶ 24} The law only demands that officers have a reasonable basis for concluding an emergency situation requires their entry into the residence. See State v. Applegate, 68 Ohio St.3d 348, 1994-Ohio-356. While jurists are free to ponder the nuances of the Fourth Amendment with the assistance of law clerks and treatises, officers on the street must act expeditiously with only the facts at hand to guide them. Thus, we should look at the totality of the circumstances to determine whether it was reasonable for the officers to believe there was an immediate need to intrude upon the residence. We should not simply apply our own de novo standard of reasonableness.
 {¶ 25} Absent any threat of violence by Delong, I would agree that an entry into the home was not reasonable. However, Delong's threat to act violently if confronted indicated the situation had not returned to normal and the potential for violence was very real. Thus, I conclude the deputies had a reasonable basis for their belief that exigent circumstances authorized their warrantless entry into the home.
 JUDGMENT ENTRY *Page 12 
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J.: Concurs in Judgment Opinion Harsha, J.: Dissents with Dissenting Opinion
For the Court
BY: Peter B. Abele, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk. *Page 1