[Cite as *State v. Scranton*, 2016-Ohio-3128.]


COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2015 CA 00185 |
| DEVIN SCRANTON | |
| | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Canton Municipal Court, Case Nos. 2015 CRB 3199 and 2015 TRC 0516 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | May 23, 2016 |


APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| JOSEPH MARTUCCIO | JOHN BROOKS CAMERON |
| CANTON LAW DIRECTOR | CHRISTOPHER JANKOWSKI |
| TYRONE D. HAURITZ | JOHN BROOKS CAMERON & ASSOC. |
| CANTON CITY PROSECUTOR | 247 East Smith Road |
| KELLY PARKER | Medina, Ohio  44256 |
| ASSISTANT PROSECUTOR | |
| 218 Cleveland Avenue S.W. | |
| Post Office Box 24218 | |
| Canton, Ohio  44701-4218 | |

*Wise, J.*

{¶1}   Appellant Devin Scranton appeals his conviction and sentence on one count of OVI, one count of Driving in Marked Lane, one count of No Seatbelt, one count of Attempting to Commit Possessing Drug Abuse Instruments and one count of Possession of Drug Paraphernalia, entered in the Canton Municipal Court following a plea of no contest.

{¶2}   Appellee is the State of Ohio.

<u>STATEMENT OF THE FACTS</u>

{¶3}   On July 14, 2015, Trooper Douglas R. Trotter of the Ohio State Highway Patrol received information from his dispatcher that a 911 caller was behind a possible OVI, drunk driver, reckless operation. (Supp. T. at 8-9). The vehicle was traveling on U.S. 30 coming from the Wayne County line eastbound toward the Canton area. *Id.* The citizen caller provided a vehicle description and license plate number and gave updates as to the location of the vehicle. (Supp. T. at 9-10). Trooper Trotter waited stationary on I-77 northbound for the vehicle to approach. (Supp. T. at 10). He observed Appellant's vehicle, a red Ford pickup truck, and began to follow. (Supp. T. at 10). He confirmed that the vehicle registration matched the information provided by the dispatcher. (Supp. T. at 10). As Trooper Trotter followed the vehicle, he observed the vehicle drive on the left berm twice, once nearly striking the center concrete wall dividing the northbound and southbound lanes. (Supp. T. at 11). Trooper Trotter initiated a traffic stop and made contact with the driver of the vehicle, identified as Appellant Devin Scranton. (Supp. T. at 12). Trooper Trotter then approached Appellant's vehicle. It took Appellant a few moments to roll down the window. (Supp. T. at 13). During this time, Trooper Trotter observed that

Appellant's eyes were wide and glassy. (Supp. T. at 13). Trooper Trotter asked Appellant to step out of the vehicle. (Supp. T. at 13). Once out of the vehicle, Trooper Trotter noticed that Appellant appeared nervous. (Supp. T. at 13). Appellant was then patted down and placed in the cruiser. (Supp. T. at 14). While Appellant was seated in the cruiser, Trooper Trotter noticed, prior to administering the Horizontal Gaze Nystagmus test (HGN test), that Appellant's pupils were very constricted. (Supp. T. at 14). He then performed the HGN test, which did not reveal any clues; however, Trooper Trotter was again able to observe that Appellant's eyes were wide open and glassy, and that his pupils were very constricted. (Supp. T. 15).

{¶4} After the HGN test, Trooper Trotter asked Appellant to exit the cruiser so he could administer the Walk and Turn and One Leg Stand tests. (Supp. T. at 16). While administering the Walk and Turn test, Trooper Trotter observed two of eight clues. (Supp. T. at 17). During the instructional phase of the test, Appellant swayed and moved his feet. (Supp. T. at 17). While performing the test, he had to catch his balance once. (Supp. T. at 17). While administering the One Leg Stand test, Trooper Trotter observed three clues. (Supp. T. 19).

{¶5} Trooper Trotter then placed Appellant under arrest. (Supp. Tr. 13). After the arrest, Appellant submitted two chemical tests: a breath test and a urine drug screen. (Supp. T. at 23-24). The breath test result was 0.00. (Supp. T. at 23). The urine drug screen showed Appellant had a concentration of marijuana metabolite of 55.29 ng/ml in his urine. (Supp. T. at 24).

{¶6} Appellant was arrested and charged with two counts of Operating a Vehicle Under the Influence of Alcohol or Drugs, one count of Driving in Marked Lanes, and one

count of No Seatbelt.

{¶7} Subsequent to Appellant's arrest, officers conducted a search of Appellant's vehicle which revealed what was believed to be drug paraphernalia. The State later brought charges against Appellant for one count of attempting to commit possessing drug abuse instruments and one count of possession of drug paraphernalia

{¶8} On September 3, 2015, Appellant filed a motion to suppress.

{¶9} On September 14, 2015, a hearing was held on the motion to suppress. At the hearing, the trial court heard testimony from Trooper Trotter as set forth above. The Impaired Driver Report, the video of the traffic stop, the BMV 2255 form, Crime lab report, and audio of a 911 call were admitted into evidence. (Supp. T. at 35).

{¶10} At the conclusion of the hearing, the trial court orally stated its findings of facts and conclusions of law into the record, overruling Appellant's motion.

{¶11} On September 24, 2015, Appellant entered a plea of no contest. Appellant was found guilty of one count of OVI, one count of Driving in Marked Lanes, and one count of No Seatbelt.

{¶12} Appellant now appeals, raising the following errors for review:

ASSIGNMENTS OF ERROR

{¶13} "I. THE TRIAL COURT ERRED IN RULING THAT TROOPER TROTTER HAD PROBABLE CAUSE AND/ OR REASONABLE SUSPICION TO INITIATE THE TRAFFIC STOP.

{¶14} "II. THE TRIAL COURT ERRED IN RULING THAT TROOPER TROTTER WAS JUSTIFIED IN EXPANDING THE SCOPE OF THE ORIGINAL STOP TO AN OVI INVESTIGATION.

{¶15} "III. THE TRIAL COURT ERRED IN RULING THAT PROBABLE CAUSE EXISTED TO EFFECTUATE THE ARREST."

**I., II., III.**

{¶16} In his First, Second and Third Assignments of Error, Appellant argues the trial court erroneously denied his motion to suppress. We disagree.

{¶17} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibits the government from conducting unreasonable searches and seizures of persons or their property. *See Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271.

{¶18} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. However, as the United States Supreme Court held in *Ornelas v. U.S.* (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911, "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

**{¶19}** In the case *sub judice,* Appellant herein argues that Trooper Trotter lacked reasonable, articulable suspicion to stop him or to request the performance of field sobriety tests. Appellant also contends that there was not probable cause to arrest him.

*Traffic Stop*

**{¶20}** There are two standards applied to determine whether police have legitimately stopped a vehicle. *State v. Weinheimer,* Warren App. No. CA2003–04–044, 2004–Ohio–801, ¶ 8. First, police may make an investigatory stop of a vehicle when they have a "reasonable articulable suspicion" criminal activity has occurred or is occurring, and the officer seeks to confirm or refute this suspicion of criminal activity. *Id.*

**{¶21}** Second, police may stop a vehicle based on "probable cause" a traffic violation, even minor, has occurred or is occurring. *Dayton v. Erickson,* 76 Ohio St.3d 3, 11–12, 665 N.E.2d 1091, 1996–Ohio–431. Such is the case when an officer witnesses a traffic violation and then stops the motorist for this traffic violation.

**{¶22}** In the instant case, we find Trooper Trotter had legal authority to stop Appellant's vehicle. Trooper Trotter testified that in addition to receiving a citizen tip regarding a possible impaired driver, he observed Appellant cross the far left white line twice, once almost hitting the concrete median barrier.

*Field Sobriety Tests*

**{¶23}** "Requiring a driver to submit to a field sobriety test constitutes a seizure within the meaning of the Fourth Amendment. Courts have generally held that the intrusion on the driver's liberty resulting from a field sobriety test is minor, and the officer therefore need only have reasonable suspicion that the driver is under the influence of alcohol in order to conduct a field sobriety test." *State v. Bright,* 5th Dist. Guernsey No.

2009–CA–28, 2010–Ohio–1111, ¶ 17, citing *State v. Knox,* 2nd Dist. Greene No. 2005–CA–74, 2006–Ohio–3039.

**{¶24}** In reviewing this issue, we apply a "totality of the circumstances" approach. *See, e.g., City of Fairfield v. Lucking,* Butler App. No. CA2002–12–303, 2004–Ohio–90, ¶ 8, citing *State v. Freeman* (1980), 64 Ohio St.2d 291, 414 N.E.2d 1044.

**{¶25}** In support of his position, Appellant cites *Whitehouse v. Stricklin, 6th Dist. Lucas County App. L-10-1277, 2012-Ohio-1877. We find the case sub judice to be distinguishable from Stricklin.* In *Stricklin,* unlike the present case, the driver was stopped for a *de minimus* traffic violation; he had not demonstrated any erratic driving or exhibited any other behaviors which would indicate that he was impaired.

**{¶26}** In the instant case, as set forth in our recitation of facts, Trooper Trotter stopped Appellant for moving violations. He testified that he received a call from dispatch that a citizen had called in to report a possible impaired driver, and that Appellant's vehicle matched the description and registration. He further testified that he personally observed Appellant travel left of the left berm twice, once almost hitting the concrete divider. Additionally, upon stopping Appellant, he observed that his eyes were unusually wide-open and glassy. Appellant was also acting nervous. Once inside the Trooper's vehicle, Trooper Trotter notice that Appellant's pupils were very constricted.

**{¶27}** Upon review, based on the above factors, we hold a reasonable basis existed for Trooper Trotter to ask Appellant to proceed with field sobriety testing under the circumstances of this case.

*Arrest*

**{¶28}**  We further find, based on the foregoing, that probable cause existed for the arrest.

**{¶29}**  "The standard for determining whether the police have probable cause to arrest an individual for OVI is whether, at the moment of arrest, the police had sufficient information, derived from a reasonable trustworthy source of facts and circumstances to cause a prudent person to believe that the suspect was driving under the influence." *State v. Swope,* 5th Dist. Fairfield No. 08 CA 50, 2009–Ohio–3849, ¶ 22.

**{¶30}**  The issue is whether Appellant's actions and Trooper Trotter's observations lead to probable cause to arrest. We note each case is determined individually from the facts and observations presented.

**{¶31}**  Here, based on the totality of the circumstances, including Trooper Trotter's observations as set forth above and Appellant's poor performance on the field sobriety tests, with the exception of the HGN test, we find that probable cause existed to arrest Appellant.

**{¶32}**  We therefore hold the trial court did not err in denying the motion to suppress in this matter. Accordingly, Appellant's Assignments of Error are overruled.

{¶33}  For the reasons stated in the foregoing opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.

By: Wise, J.

Farmer, P. J., and

Baldwin, J., concur.


JWW/d  0511