[Cite as *State v. Kopp*, 2017-Ohio-4428.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 16-CA-96 |
| | : | |
| DANE V. KOPP | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Licking County
                                 Municipal Court, Case No. 16TRC09547

JUDGMENT:                        AFFIRMED

DATE OF JUDGMENT ENTRY:          June 19, 2017

APPEARANCES:

For Plaintiff-Appellant:                For Defendant-Appellee:

J. MICHAEL KING                         LISA M. TOME
ASST. LAW DIRECTOR                      511 South High St.
CITY OF NEWARK                          Columbus, OH 43215
40 West Main St., 4th Floor
Newark, OH 43055

*Delaney, P.J.*

{¶1} Appellant State of Ohio appeals from the November 9, 2016 Judgment Entry of the Licking County Municipal Court granting the motion to suppress of appellee Dane V. Kopp.

## FACTS AND PROCEDURAL HISTORY

{¶2} The following evidence is adduced from the suppression hearing and from the DVD of the traffic stop of appellee (appellant's Exhibit 3).

{¶3} This case arose on September 11, 2016 when Trooper Myers of the Ohio State Highway Patrol was monitoring traffic on midnight shift. Around 2:52 a.m., Myers observed a maroon Ford F-150 driven by appellee in the area of Union Street and Wehrle Avenue in Newark. A rear license-plate light on the truck was out but Myers could read the plate because it was illuminated by his headlights. Myers ran the license plate of the vehicle and discovered an expired Ohio license in the name of the registered owner.

{¶4} Myers activated his overhead lights. No traffic violations were observed as the truck proceeded on the roadway and pulled over into a parking lot.

{¶5} Myers approached the vehicle and spoke to the driver and sole occupant, appellee, who showed him a valid Georgia operator's license. Myers testified that upon speaking to appellee, he smelled the odor of fresh marijuana emanating from the vehicle, and also the odor of an alcoholic beverage coming from the vehicle. He asked appellee whether he had been smoking marijuana and appellee admitted that he had done so earlier. Myers asked if he had anything to drink but didn't hear appellee's response. He noted appellee's eyes were "very glassy" and "somewhat bloodshot."

{¶6} Myers asked appellee to exit the vehicle and he did so without incident.

{¶7} Myers patted appellee down and no contraband was discovered. The trooper then asked appellee to submit to a series of standardized and non-standardized field sobriety tests; appellee complied. Myers first asked appellee to sit on the hood of his cruiser to perform the eye-related tests because appellee is unusually tall (6'10) and Myers needed to be at eye level. Appellee sat on the hood of the cruiser without incident.

{¶8} Myers testified to his training and experience in utilizing the standardized field sobriety tests; he has been trained in accordance with the NHTSA manual and has ADAP- and ARIDE-certified training in apprehension of impaired drivers. Myers explained the instructions for each standardized field sobriety test and described appellee's performance. He observed appellee's pupils were dilated. On the horizontal gaze nystagmus (HGN), Myers observed two clues in appellee's left eye. On the walk-and-turn test, Myers observed three clues: appellee moved his feet to keep balance, stopped at one point, and turned incorrectly. On the one-leg stand test, Myers observed two clues: appellee swayed while balancing and put his foot down.

{¶9} Myers acknowledged appellee "passed" the HGN test and that appellee's swaying is not evident on the DVD.

{¶10} Myers also administered several non-standardized field sobriety tests. While checking appellee's eyes, Myers performed a "lack of convergence test" in which appellee was instructed to follow the tip of the stimulus (pen) with his eyes. Myers testified he watched whether the subject maintained eye contact with the stimulus and whether the eyes converged, or moved inward together, as the stimulus was moved counter-clockwise inward toward the subject's nose. The lack-of-convergence test is intended to

provide clues if the subject is impaired due to marijuana. In Myers' estimation, appellee failed the test because his right eye did not converge and drifted out to the right twice.

{¶11} Appellee was able to correctly say the alphabet and to count backward from 69 to 57.

{¶12} Upon the completion of the field sobriety tests, Myers arrested appellee for O.V.I.

{¶13} Appellee was cited via uniform traffic ticket for O.V.I. pursuant to R.C. 4511.19(A)(1)(a) and for illumination of rear license plate pursuant to R.C. 4513.05. Appellee entered pleas of not guilty and filed a motion to suppress based upon lack of reasonable suspicion to detain and probable cause to arrest. Appellant filed a memorandum contra. A suppression hearing was held on November 4, 2016.

{¶14} By Judgment Entry dated November 9, 2016, the trial court granted appellee's motion to suppress, finding in pertinent part:

> * * * *. It appeared to the court that the defendant did not demonstrate any signs of impairment in the performance of [the standardized and non-standardized field sobriety] tests. The officer indicated that he did observe clues however the court does not believe that sufficient clues existed to justify the arrest of the defendant. Accordingly, defendant's motion to suppress is granted because the court believes there was not a sufficient basis to justify the warrantless arrest.

{¶15} Appellant filed a certification by the prosecuting attorney pursuant to Crim.R. 12(K) and appealed from the trial court's decision granting the motion to suppress.

{¶16} Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶17} "THE TRIAL COURT ERRED WHEN IT GRANTED THE APPELLEE'S MOTION TO SUPPRESS."

## ANALYSIS

{¶18} Appellant argues the trial court erred in granting appellee's motion to suppress. We disagree.

{¶19} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154, 661 N.E.2d 1030 (1996). A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

{¶20} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See, *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See*, Williams*, supra. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96,620 N.E.2d 906 (8th Dist.1994).

{¶21} In this case, the trial court concluded the trooper had no probable cause to make the arrest, although the trial court reached its conclusion in terms of "[no] sufficient basis to justify the warrantless arrest." The trial court noted appellee's virtually faultless performance on the field sobriety tests. In ruling on a motion to suppress, a trial court "assumes the role of the trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate the credibility of the witnesses." (Citation omitted.) *State v. Retherford*, 93 Ohio App.3d 586, 592, 639 N.E.2d 498 (2d Dist.1994). We also have the benefit of appellant's exhibit 3, the DVD of the traffic stop, in the record before us. Having reviewed the DVD, we agree appellee exhibited no impaired driving; spoke to the officer calmly, politely, and intelligibly when audible; exited the truck without incident; submitted

to the field sobriety tests without incident and generally exhibited no visible signs of impairment.

{¶22} Appellant maintains, though, that the trial court should have found probable cause to arrest based upon the odor of raw marijuana emanating from the vehicle, appellee's admissions to having smoked marijuana, and the clues that the trooper observed on the standardized field sobriety tests and the lack-of-convergence test. While we agree those factors provided reasonable suspicion for the trooper to investigate further, including administration of the field sobriety tests, we agree with the trial court no probable cause existed to arrest appellant for O.V.I.

{¶23} When determining whether a police officer had probable cause to arrest an individual for O.V.I., a court considers whether, at the moment of arrest, the officer had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. *State v. Homan,* 89 Ohio St.3d 421, 427, 2000-Ohio-212, 732 N.E.2d 952, citing *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *State v. Swope,* 5th Dist. Fairfield No. 08 CA 50, 2009–Ohio–3849, ¶ 22. In making this determination, a court reviews the totality of facts and circumstances surrounding the arrest. *Homan,* supra, 89 Ohio St.3d at 427. Each case is determined individually from the facts and observations presented. *State v. Scranton*, 5th Dist. Stark No. 2015 CA 00185, 2016-Ohio-3128, ¶ 31.

{¶24} We find the facts of the instant case to be similar to those of *State v. Cook*, 5th Dist. Fairfield No. 06-CA-20, 2007-Ohio-707, ¶ 19, in which we found the trooper's testimony that he smelled an odor of burnt marijuana established reasonable, articulable

suspicion to conduct field sobriety tests on the driver. However, upon our consideration of probable cause to arrest, we concluded:

> In the case sub judice, the appellee successfully completed the coordination tests administered by the Trooper. The Trooper did not perform VGN or HGN tests. There was no evidence that the appellee was driving erratically. Indeed, the only evidence submitted regarding appellee's operation of the vehicle was that of speeding, and appellee testified that he was speeding in order to pass another vehicle. He promptly pulled the vehicle over upon observation of the trooper. Appellee did not exhibit fixed pupils or blood shot eyes. He did not slur his speech. He appeared to move about without difficulty. Appellee was cooperative, respectful and provided a lucid explanation of the fact that his driver's license was no longer suspended. While the totality of the circumstances does support a finding that the trooper had a reasonable, articulable suspicion upon which to base the administration of the field sobriety tests, appellee passed said tests and therefore we agree with the trial court that no probable cause existed as to the OVI.
>
> *State v. Cook*, 5th Dist. Fairfield No. 06-CA-20, 2007-Ohio-707, ¶ 21.

{¶25} Based upon the totality of the facts and circumstances surrounding appellee's arrest, and most compellingly, the DVD of the stop, we agree with the trial court's decision sustaining appellee's motion to suppress.

{¶26} Appellant's sole assignment of error is overruled.

**CONCLUSION**

{¶27} Appellant's sole assignment of error is overruled and the judgment of the

Licking County Municipal Court is affirmed.

By:  Delaney, P.J.,

Hoffman, J. and

Baldwin, J., concur.