[Cite as *State v. Poudel*, 2023-Ohio-995.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2022 CA 00071 |
| DEVI POUDEL | |
| | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Licking County Court of
                              Common Pleas, Case No. 21-CR-00565

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       March 24, 2023

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JENNY WELLS                               STEPHEN T. WOLFE
Licking County Prosecutor                 Wolfe Law Group, LLC
                                          1350 W. 5th Avenue – Suite #330
ROBERT N. ABDALLA                         Columbus, Ohio 43212
Assistant Prosecuting Attorney
20 S. Second Street
Newark, Ohio 43055

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Devi Poudel appeals the judgment entered by the Licking County Common Pleas Court convicting him following his pleas of no contest to two counts of aggravated vehicular assault (R.C. 2903.08(A)(1)(a), R.C. 2903.08(A)(2)(b)) and sentencing him to twenty-four months incarceration. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On September 19, 2021, Trooper Zack Drake of the Ohio State Highway Patrol was dispatched to the scene of an accident in Licking County involving an automobile and a motorcycle. The Trooper was dispatched around 9:30 p.m., while the accident occurred around 8:30 p.m.

**{¶3}** The trooper saw a motorcycle in the roadway, and a car off to the side. Appellant, who is a native of Nepal, was in the driver's seat of the car. The trooper had experience with Nepali immigrants. Appellant told the trooper he had been in the United States for eleven years, and was a citizen.

**{¶4}** Trooper Drake told Appellant he wanted to talk to him about the accident. The trooper detected a strong odor of alcohol coming from Appellant, and his eyes were bloodshot and glassy. Appellant stated he had two Corona beers to drink. Trooper Drake asked Appellant to walk to the front of the cruiser, where the dash camera would capture the encounter. The trooper conducted field sobriety tests on Appellant. Trooper Drake detected six of six clues on the horizontal gaze nystagmus test, five of eight clues on the walk and turn test, and three of four clues on the one-leg stand test. Appellant did not express difficulty understanding the officer, and responded appropriately to the instructions for the tests and to the officer's questions.

**{¶5}** After conducting field sobriety tests, Trooper Drake placed Appellant under arrest, provided Appellant with Miranda warnings, and read Appellant the Bureau of Motor Vehicles Form 2255 regarding test refusal. Appellant agreed to a breathalyzer test. Trooper Drake transported Appellant to the Granville Highway Patrol post, where the breath test was administered, and Appellant gave a statement. The results of the breathalyzer test were .184.

**{¶6}** Appellant was indicted by the Licking County Grand Jury with two counts of aggravated vehicular assault. Appellant filed a motion to suppress the results of the field sobriety tests and the breath test, arguing his consent to testing and waiver of his Miranda rights was not voluntary given his limited understanding of English and lack of experience with police. Appellant also argued under the circumstances of this case, Miranda warnings were required before any testing or questioning commenced.

**{¶7}** The trial court conducted an evidentiary hearing. Trooper Drake testified, and the video taken from his dash camera was admitted into evidence. Appellant testified at the hearing, solely with the aid of an interpreter. He testified he had been in the United States since 2012, and had been a citizen since 2018. He testified he held the same job for eight years, and another job for two years prior to his current job. He testified at work, he asks someone to help him when he doesn't understand English, or would bring a friend or interpreter to assist him. He testified he did not understand any of the proceedings with Trooper Drake at the scene of the accident, and did not understand he was waiving his rights. While he initially testified he did not remember speaking with Trooper Drake in English, he later corrected himself and testified he did remember speaking with the trooper in English.

**{¶8}** The trial court overruled the motion, finding Miranda warnings are not required before administering field sobriety tests. The trial court further found Appellant's testimony he could not understand English and therefore did not understand what was happening in the encounter with the trooper was not credible. The trial court overruled the motion to suppress.

**{¶9}** Appellant entered a plea of no contest to both counts in the indictment and was convicted. The trial court found the convictions merged, and the State elected to have Appellant sentenced on Count One. Appellant was sentenced to twenty-four months incarceration.

**{¶10}** It is from the August 15, 2022 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLANT'S TESTIMONY WAS NOT CREDIBLE.

II. THE TRIAL COURT ERRED WHEN IT FAILED TO EVALUATE WHETHER APPELLANT'S STATEMENTS WERE MADE KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY.

III. THE TRIAL COURT REACHED THE WRONG CONCLUSION BASED UPON ITS APPLICATION OF THE LAW TO ITS FINDINGS OF FACT.

STANDARD OF REVIEW

**{¶11}** Appellant's assignments of error all claim error in the trial court's judgment overruling his motion to suppress.  Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 154-155, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. *See State v. Dunlap*, 73 Ohio St.3d 308,314, 1995-Ohio-243, 652 N.E.2d 988; *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. *See Burnside, supra; Dunlap, supra; State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1(4th Dist. 1998); *State v. Medcalf*, 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist. 1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. *See Burnside, supra, citing State v. McNamara,* 124 Ohio App.3d 706, 707 N.E.2d 539(4th Dist. 1997); *See, generally, United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740(2002); *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911(1996). That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review. *Ornelas, supra.* Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas, supra* at 698, 116 S.Ct. at 1663.

I.

{¶12} In his first assignment of error, Appellant argues the trial court erred in finding his testimony at the suppression hearing was not credible.

{¶13} The trial court made the following findings concerning Appellant's credibility in its judgment entry overruling the motion to suppress:

> The defendant's testimony at the hearing was simply not credible. On the videotape, the defendant conversed with the Highway Patrol trooper at all times during the interaction with him, which was nearly 45 minutes. He had no problem conversing with the officer in English at any time. He tells him he has been in Ohio for eleven years. He is obviously able to understand the officer. He counted aloud to thirty on the one leg stand, in English. At no time in the entirety of the video does he ever say, "I don't understand," "I need help," "Could you slow down" or "Explain that to me," or anything of that nature at any time ever, and he certainly never says, "I don't speak, understand, read or write English." Although raised in the defendant's motion, there simply are not other officers or patrol people present on the video. There are no other lights, no other emergency squad people, and no other law enforcement officers in the area. The circumstances are simply not duress or an intensive law enforcement presence under any circumstances. When the officer asks the defendant if there is anything sharp in his pockets that might stick him or cause him injury like needles, the defendant tells the trooper that his phone and money

are in his pocket and that his wallet is still in the car.  It defies credibility to argue that he could not understand when he responds to every question that was asked of him and never suggests that he did not understand.

**{¶14}** Judgment Entry, April 19, 2022, pp. 3-4.

**{¶15}** During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks,* 75 Ohio St.3d 148, 154, 661 N.E.2d 1030 (1996). A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Kopp*, 5th Dist. No. 16-CA-96, 2017-Ohio-4428, 93 N.E.3d 199, ¶ 19.

**{¶16}** We have reviewed the dash camera video admitted into evidence in this case, and we find the trial court's finding Appellant's testimony was not credible is supported by the evidence.  Throughout the entire encounter, Appellant conversed with the trooper in English.  While Appellant testified he simply followed the physical demonstration of the field sobriety tests and did not follow the verbal instructions given in English, he was able to count to thirty in English on the one-leg stand test, and further was able to count nine steps on the walk and turn test according to the verbal instructions given by the trooper, who had only demonstrated three steps.  Appellant's responses to questions from the officer were appropriate.  Nothing in the video suggests Appellant had difficulty understanding or speaking English.

**{¶17}** The first assignment of error is overruled.

II.

**{¶18}** In his second assignment of error, Appellant argues the trial court erred in focusing on the fact Miranda warnings are not required before conducting field sobriety tests, and failed to address whether Appellant's statements were made knowingly, voluntarily, and intelligently.

**{¶19}** We note Appellant raised the issue of the requirement of Miranda warnings before field sobriety tests are administered, arguing in his motion, "Although he was not physically in the custody of the police, the investigative focus of the interaction and the demonstrated probable cause required that the Defendant be advised of his rights under *Miranda* before any questioning or testing commenced." Suppression motion, p. 8. Therefore, the trial court appropriately addressed this argument, citing case law to support the conclusion Miranda warnings are not required prior to the administration of field sobriety tests.

**{¶20}** Further, we find the trial court did address whether Appellant's statements were made knowingly, voluntarily, and intelligently:

> In the case before the Court, the record firmly establishes that the defendant's rights were adequately explained to him and that he understood his rights and that he voluntarily waived them. The record permits only one conclusion: The defendant understood the Miranda advisement. The record further firmly establishes that the defendant adequately understood every word of English that was spoken to him on September 19th of 2021.

**{¶21}** Judgment Entry, April 19, 2022, p. 5.

**{¶22}** The trial court further found, as quoted in our discussion of assignment of error one, the record does not support Appellant's claim of an intensive, intimidating police presence. We find the trial court addressed adequately Appellant's claim his statements to police were not voluntary, intelligent or knowing.

**{¶23}** The second assignment of error is overruled.

III.

**{¶24}** In his third assignment of error, Appellant argues the trial court reached the wrong conclusion concerning the voluntariness of his statements to police, and the court improperly relied on cases in which an interpreter was provided to a non-English speaking defendant.

**{¶25}** Appellant's argument relies for its validity on his claim he could not adequately speak English and did not understand what was happening during the encounter with police. However, as discussed in our review of Appellant's first assignment of error, the trial court found his testimony to not be credible, and we find the trial court's conclusion Appellant was able to understand and speak English throughout the encounter with Trooper Drake is supported by the 45-minute dash cam video in the instant case. Because the record does not support Appellant's claim his inability to speak English rendered his statements to police involuntary, we find the trial court did not err in concluding his waiver of his Miranda rights and consent to the breathalyzer test was voluntary, knowing, and intelligent.

**{¶26}** The third assignment of error is overruled.

**{¶27}** The judgment of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur